## TRANT v. UNITED STATES.

### No. 5878.

Circuit Court of Appeals, Seventh Circuit.

Oct. 29, 1936.

Arthur Carlsten, of Chicago, Ill., for appellant.

Michael L. Igoe, of Chicago, Ill., for the United States.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

PER CURIAM.

Appellant was tried, convicted, and on April 25, 1936, sentenced to serve a term in the penitentiary for violation of sections 265 and 88 of title 18, U.S.C.A. (possession with intent to pass counterfeit United States obligations). On the same day he gave notice of an appeal and was enlarged on bail pending disposition of such appeal.

He secured new counsel to prosecute his appeal. The only steps ever taken in this court were—on the part of the Government, to twice move to dismiss the appeal for want of prosecution—and on the part of the appellant, to secure an extension of time within which to file the record, and by counsel for appellant to be permitted to withdraw from the case. The request of counsel to withdraw was denied. The counsel, Mr. Arthur Carlsten, however, thereafter took no steps to perfect the appeal or present appellant's cause to this court. He gives as reason therefor

that appellant did not pay him as much as was promised. No bill of exceptions has ever been settled and not until after the appeal was dismissed in this court was the district attorney ever informed that a document purporting to be a bill of exceptions, existed. A document called a bill of exceptions was brought to the attention of the District Judge on July 24, 1936, but no copy was ever delivered to the district attorney, and he was not apprised of its existence. Thereafter no effort was made to have the same settled and allowed.

A short record of the proceedings had in the District Court was filed with the clerk of this court and upon such record, which showed failure of appellant to prosecute his appeal, an order was entered dismissing the appeal for want of prosecution.

Since said motion appellant has appeared and asserted that he was not aware of his counsel's failure to take the necessary steps to perfect his appeal; that he employed counsel to prosecute his appeal and paid him sums sufficient to cover all expenses and disbursements and part of the fees. This latter statement, the attorney denies.

An examination of the assignment of errors and the record before us leads to but one conclusion. In the absence of a bill of exceptions, there is no possible basis for a reversal of the judgment. Nor do we, from the so-called bill of exceptions, find any reversible error in the trial of the case.

Because of appellant's contention that his counsel without justification left him in the precarious position which an appellant without a bill of exceptions occupies, we have made an examination of the document called a bill of exceptions and fail to find therein that lack of support of the verdict which apparently was the chief reliance of appellant for reversal.

In other words, we are convinced that the document called a bill of exceptions cannot at this late date be accepted as and for the bill of exceptions, and, second, if we accepted it as a good bill of exceptions, there is no reversible error to be found therein.

It is no ground for reversal that the witness who testified against the accused was an accomplice or that he, on his own word, is shown to be a man of devious character and erring ways. Yet this argument, we understand, constituted the chief ground of attack upon the verdict. It is without merit.

In view of the foregoing circumstances which are set forth only because appellant charges betrayal of his cause by his counsel, the motion to set aside the order to dismiss the appeal must be, and is, denied.